# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

|  |  |  |
|---|---|---|
| **JEREMY LAMAR HARRIS,** | } | |
| | } | |
| **Petitioner,** | } | |
| | } | |
| **v.** | } | **Case No.: 4:06-CV-08006-RDP-TMP** |
| | } | |
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Respondent.** | } | |

## MEMORANDUM OPINION

### I.     Introduction

On January 30, 2006, Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence (Doc. #1) pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel relating to: (1) his guilty plea; (2) his sentencing; and (3) his failure to appeal his sentence. On January 22, 2009, the magistrate judge entered his Report and Recommendation (Doc. #12), recommending that the petition be denied with respect to Petitioner's claims of ineffective assistance of counsel related to his guilty plea and sentencing, but also recommending that the court hold an evidentiary hearing with respect to Petitioner's claims related to his attorney's failure to file an appeal of his sentencing. On February 20, 2009, the court adopted and accepted the magistrate judge's Report and Recommendation, denying Petitioner's motion with respect to his first two claims, and setting the case for an evidentiary hearing on the third. (Doc. #13). On March 26, 2009, the court held an evidentiary hearing regarding Petitioner's third claim. For the reasons outlined more fully below, Petitioner is not entitled to any relief on his third claim and his § 2255 Petition is due to be denied.

## II.     Ineffective Assistance of Counsel on Appeal

In his motion, Petitioner asserts that he "requested counsel appeal his sentence, without any success."  Addressing a similar claim of ineffective assistance due to counsel's failure to file an appeal when requested to do so, the Eleventh Circuit remanded the case for an evidentiary hearing, and in doing so articulated the legal standards that apply here:

> In *Flores-Ortega*, the Supreme Court applied the test set forth in *Strickland* and reiterated the long-established rule that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a professionally unreasonable manner. 528 U.S. at 476-77, 120 S.Ct. at 1034-35.  The Supreme Court further held that, even when a defendant has not specifically instructed his counsel to file an appeal, in order to determine whether counsel performed deficiently, a court must inquire whether counsel in fact consulted with the defendant about an appeal.  *Id.* at 478, 120 S.Ct. at 1035.  "If so, the attorney has only acted unreasonably if he has ignored the client's wishes to appeal the case. If not, the court must further inquire whether the attorney had an affirmative duty to consult." *Gomez-Diaz*, 433 F.3d at 792 (*citing Flores-Ortega*, 528 U.S. at 478, 120 S.Ct. at 1035). This duty to consult arises when either: (1) any rational defendant would want to appeal; or (2) the defendant reasonably demonstrated an interest in appealing. Id. (*citing Flores-Ortega*, 528 U.S. at 480, 120 S.Ct. at 1036). "[T]o show prejudice under these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484, 120 S.Ct. at 1038.

*Miquel v. United States*, 200 Fed.Appx. 899, 900-901 (11th Cir. 2006), *see also Gomez-Diaz v. United States*, 433 F.3d 788 (11th Cir. 2005); *Suarez v. United States*, 214 Fed.Appx 905 (11th Cir. 2007); *Gaston v. United States*, 237 Fed.Appx. 495 (11th Cir. 2007).  In order to determine whether Petitioner's lawyer violated the above standard, the court held an evidentiary hearing.

## III.     Evidentiary Hearing

At the hearing held on March 26, 2009, there was only one witness called – Jerry Barclay, Petitioner's lawyer during his criminal trial.[1]  Mr. Barclay testified that he informed Petitioner that

---

[1] *United States of America v. Jeremy Lamar Harris*, 4:04-CR-0322-RDP-TMP.

2

he was unaware of any appealable error related to Petitioner's guilty plea or his sentence. Further, as the record reflects, Petitioner waived certain of his appeal rights by entering a plea agreement with a waiver provision in this case. Nevertheless, Mr. Barclay rendered advice to Petitioner about his right to appeal on the date he was sentenced.

The day after the sentencing hearing, Mr. Barclay received a communication from Petitioner indicating that he wanted to discuss his appeal options. Mr. Barclay traveled to the Jackson County Jail two days later and met with Petitioner. Mr. Barclay made this a priority because of the ten day period for appealing a judgment of conviction. At that meeting, Petitioner immediately voiced a concern about whether, if he were to successfully appeal, that his ultimate sentence could be higher than that which he had already received. Mr. Barclay confirmed that was a possibility. Mr. Barclay explained to Petitioner that, in his opinion, the court had made no appealable error but that if Petitioner were successful on appeal and his plea was set aside, the original indictment could be revived and Petitioner could be prosecuted on all original counts. Mr. Barclay also noted that, if convicted even after a successful appeal, Petitioner could receive a life sentence following reversal on appeal, as it would be unlikely that the Government would file another motion for reduction of sentence based upon his substantial assistance a second time around.[2]

The meeting was not marked by any signs of animosity, raised voices, or threats. Rather, Petitioner and Mr. Barclay communicated well and fully discussed the options available to Petitioner. After discussing his options with Mr. Barclay, Petitioner expressed an understanding and confirmed that he did not wish to appeal his conviction. Mr. Barclay then talked with Petitioner

---

[2]The court also notes that defense counsel successfully argued that Petitioner's sentence should be reduced even lower than the Government's § 3553(e) recommendation of 264 months. Petitioner was sentenced to 240 months.

about the possibility of a Rule 35 motion, and later met with a DEA officer to discuss future assistance by Petitioner with the possibility of a Rule 35 reduction.

The facts are undisputed as to what occurred in this case. Mr. Barclay has acknowledged that he had a duty to discuss with his client his right to appeal and was prepared to file an appeal if his client directed him to do so. The court finds that Mr. Barclay fully complied with his duty to discuss with Petitioner whether an appeal should be filed when he personally met with Petitioner at the Jackson County Jail. It was a healthy discussion devoid of animosity, raised voices, or threats. Petitioner understood the range of possible outcomes of an appeal and, as a result, Petitioner instructed counsel *not* to file an appeal. Mr. Barclay then took the extra step of meeting with the Government with regard to a possible Rule 35 motion.

## IV.     Conclusion

As discussed above, defense counsel fulfilled his duty to consult with Petitioner regarding an appeal. After an informed discussion, Petitioner instructed counsel not to file an appeal. Therefore, counsel did not provide ineffective assistance by failing to file an appeal or failing to consult with Petitioner about an appeal. Accordingly, Petitioner's motion is due to be denied. The court will enter a separate order denying the motion and dismissing the case.

**DONE** and **ORDERED** this _____30th_____ day of March, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE